[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-16471
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-20330-MGC-7

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAUL A. FERRAO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 21, 2013)

Before WILSON, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Raul Ferrao appeals his 60-month sentence after pleading guilty to one count

of conspiring to traffic in and use unauthorized access devices (i.e., credit cards), in

violation of 18 U.S.C. § 1029(b)(2).  He contends, in part, that the district court erred in calculating his applicable guideline range because it increased his offense level by 24 levels based on two specific offense characteristics—amount of loss and number of victims, see United States Sentencing Guidelines (USSG) §§ 2B1.1(b)(1)(J) and (b)(2)(C)—in the absence of supporting evidence or individualized findings regarding the scope of his criminal activity.  Because, as the government concedes, the court's findings regarding these enhancements lacked evidentiary support, we vacate and remand for resentencing.

"[O]nce a defendant objects to a fact contained in the [Presentence Investigation Report (PSI)], the government bears the burden of proving that disputed fact by a preponderance of the evidence."  United States v. Martinez, 584 F.3d 1022, 1027 (11th Cir. 2009).  "[A]bsent a stipulation or agreement between the parties, an attorney's factual assertions at a sentencing hearing do not constitute evidence that a district court can rely on."  United States v. Washington, 714 F.3d 1358, 1361 (11th Cir. 2013).  Ultimately, "[i]t is the district court's duty to ensure that the Government carries this burden by presenting reliable and specific evidence."  Martinez, 584 F.3d at 1027 (quotation marks omitted).  And if a court breaches this duty by imposing a sentencing enhancement without demanding that the government present sufficient evidence to support a disputed, underlying fact, we generally will vacate and remand.  See id. at 1029; see also Washington, 714

2

F.3d at 1362–63 (vacating the defendant's sentence because the district court imposed a sentencing enhancement based on the government's unsupported representations).

As the government concedes, the district court in this case erred in its fact finding regarding the loss amount attributable to Ferrao and the number of victims insofar as the findings lacked evidentiary support.  Ferrao objected to the PSI's determination of the loss amount and number of victims—both before and during sentencing—for lack of evidence.  While at sentencing the government said it would be "happy to provide the Court with all of the receipts" documenting the "total extent of the fraud," the district court never asked for such evidence and the government never provided it.  This, despite Ferrao's objections.  The court ultimately relied on the government's unsubstantiated representations, however, and because we have expressly deemed that such representations are not evidence, the court clearly erred in doing so.  See Washington, 714 F.3d at 1361.

We agree with the government's concession that this error was not harmless. Without the erroneous enhancements, Ferrao's guideline range would have been zero to six months in prison.  With the enhancements, his applicable guideline range was 135 to 168 months in prison, resulting in a 60 month guideline sentence because Ferrao's statutorily authorized maximum sentence was 60 months.  See USSG § 5G1.1(a); 18 U.S.C. §§ 1029(b)(2), (c)(1)(A)(i).  We conclude that this

3

discrepancy yields grave doubt that Ferrao's sentence would have remained the same without the error, warranting vacatur and remand.  See United States v. Pacchioli, 718 F.3d 1294, 1305 (11th Cir. 2013) (explaining that we will reverse "if [the errors] have a 'substantial influence' on the outcome of a case or leave 'grave doubt' as to whether they affected the outcome of a case" (citation omitted)).

Finally, the 24-level enhancement for amount of loss and number of victims under USSG §§ 2B1.1(b)(1)(J) and (b)(2)(c) is set aside and the case is remanded for resentencing without that enhancement.  See Washington, 714 F.3d at 1362 ("Nothing prevented the government—which was aware of [the defendant's] objection—from putting on evidence concerning the number of victims at the sentencing hearing, and a party who bears the burden on a contested sentencing issue will generally not get to try again on remand if its evidence is found to be insufficient on appeal.").

**VACATED AND REMANDED.**